## No. 9151.

### GEORGE M. KLEIN vs. DENNIS, SHERIFF, ET AL.

One, who alleges himself to be the owner of a judgment, who charges that the title to the same, in another party, is a simulation and who asks to be recognized as owner, contradictorily with that party, does not attack the title *collaterally*, but *directly*. Evidence to prove simulation of the title attacked is well admissible.

Simulation having been proved, plaintiff is entitled to relief.

APPEAL from the Eighth District Court, Parish of Madison. *Delony*, J.

*J. B. Stone* and *A. N. Spencer* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an injunction proceeding, by which the plaintiff has arrested the execution of a judgment, which he claims to own and which one W. F. Long was about to enforce against the judgment debtor, John A. Klein.

From an adverse judgment, the defendant, Long, appeals.

The allegations of the petition are, substantially: that, at a judicial sale made on the 17th of June, 1882, in furtherance of a *fi. fa.* issued by him, against Jas. H. Goodman, the plaintiff has acquired all the rights, titles and interest of the latter, to a certain judgment, in his favor, against John A. Klein.

That W. F. Long claims to have acquired the same judgment from Goodman, on the 14th of June, 1881, but that the transfer on which he relies is a pure simulation.

That Long has no right to enforce the execution of that judgment.

The prayer is that the petitioner have judgment recognizing him as the true and legal owner of all the rights of Goodman, in the case in which the payment was rendered; that the sale of the property seized under that judgment be enjoined and that the injunction be perpetuated. The petition concludes by a prayer for a *general* relief.

The defense was: *first*, an exception of no cause of action, which was overruled; *next*, a general denial; *further*, want of interest in plaintiff to attack, and, *finally*, a claim for damages sustaind by the wrongful issuance of the injunction.

On the trial, objection was made to the introduction of certain evidence by plaintiff, on the ground that the petition contained no charge of fraud and injury and that the transfer could not be attacked collaterally. The objection having been overruled and the evidence admitted, exceptions were taken to the ruling of the court.

After trial of the merits, the court considered that the transfer, by Goodman to Long, was a simulation and annulled it, perpetuating the injunction.

The evidence was not offered to prove fraud and injury, but only to show simulation, which had been broadly alleged, coupled with averments of the circumstances, showing want of reality. It was, therefore, properly received.

The attack cannot be said to have been made collaterally. The plaintiff alleges ownership of the judgment in himself and the simulation of Long's apparent title. He concludes by asking to be recognized as the owner of the judgment. Such a prayer virtually implies one, that Long's alleged title to the judgment be annulled, as both the plaintiff and Long could not, at the same time, own each, absolutely and entirely, the same judgment.

Even were it otherwise, it is settled, by unassailable authority, that a simulated transfer may be altogether ignored and that the property apparently conveyed may be seized and sold directly, without the necessity of an action to annul the apparent transfer.

This is precisely what the plaintiff did. He ignored the conveyance, seized, sold and bought the judgment which he now claims to own, contradictorily with the simulated transferree.

The testimony of the witnesses, Majors and Kuy Kendall, as well as that of the defendant, Long, who could have well proved the reality of the transfer, if it was valid, has satisfied the district judge that the transaction was a simulation. An examination of the same evidence drives us to the similar conclusion, that no consideration actually passed from Long to Goodman, and that the check of Majors, borrowed for the occasion, never was used, but was, afterwards, returned to him.

It was in the power of the defendant to have proved, conclusively, the sincerity of the transfer, if it was an honest one; but, instead of doing so, he persistently declined to answer certain pertinent and important questions put to him while he was on the stand, in his own behalf.

We attach no importance to the admission "that John A. Klein had notice of the transfer from Goodman to Long, through Geo. M. Klein, a few days before it was made."

The transfer is claimed to have taken place on the 14th of June, 1881 and it is not until the 23d of November, following, that Geo. M. Klein became a creditor of Goodman, by the purchase of the judgment, in execution of which he seized the latter's interest in the judgment

against John A. Klein, which, Long seeks now to enforce. Geo. M. Klein had, at that time, no interest to oppose the notice, or to question the validity of the transfer. His interest arose only on the 17th of June, 1882, when he acquired Goodman's rights to the judgment against Jno. A. Klein.

Judgment affirmed, with costs.